By the Court.
The allegations of the plaintiff’s petition show that on account of the injury referred to therein he was entitled to participate in the insurance fund created pursuant to provisions of an act to create a state insurance fund for the benefit of injured and the dependents of killed employes, and to provide for the administration of such fund by a state liability board of awards.
The original act was passed May 31, 1911 (102 O. L., 524). It did not compel the employer and employe to operate under its provisions, but left it to their option whether to do so or not.
In September, 1912, Section 35 of Article II of the Constitution was adopted, which enabled the legislature to pass a compulsory act providing for an insurance fund which should be contributed to by employers only.
Pursuant to this provision the legislature, on February 26, 1913, passed an act to further define, the powers, duties and jurisdiction of the state liability board of awards with reference to the collection, maintenance and disbursement of the state *206 insurance fund referred to. (103 O. L., 72.) The right of the plaintiff to participate in the insurance fund and his claim under the allegations of his petition are determined by the provisions of those statutes.
Subsequently the legislature passed the act (March 12, 1913; 103 O. L., 95) “Creating the industrial commission of Ohio, superseding the state liability board of awards, abolishing the departments of commissioner of labor statistics, chief inspector of mines, chief inspector of workshops and factories, chief examiner of steam engineers, board of boilers rules and state board of arbitration and conciliation, merging certain powers and duties of said departments in and transferring certain powers and duties of said departments to said industrial commission of Ohio, and granting such commission certain other powers.”
The manifest purpose of this enactment was to create one single industrial commission, an administrative board, which should perform the duties of the different officers and boards referred to.
By Section 12 of the act it is provided that all of the duties of the state liability board of awards provided in the act of May 31, 1911, above referred to, shall be performed by the industrial commission. Like provisions are contained in the act with reference to all of the other boards and officers named. There is nothing in the act of March 12, 1913, which enlarges or diminishes the rights of employes under the act of May 31, 1911, and the act amendatory thereof.
*207 Section 22 of the act creating the industrial commission provides for the appointment of advisers, the enforcement of laws relating to the protection of life, health and safety, prescribing the hours of labor, safety devices, safeguards, fixing standards, classification of persons and employments, adoption of rules and regulations and other duties.
The succeeding sections provide for hearings by the commission of all complaints relating to the safety of places of employment and of similar matters, for the taking of testimony of witnesses under oath, the making of orders, regulations and requirements with reference thereto, and for the enforcement of such orders, regulations and requirements.
Section 37 provides that a substantial compliance with the requirements of this act shall be sufficient to give effect to the orders of the commission, and they shall not be declared inoperative, illegal or void for any omission of a technical nature with respect thereto.
Section 38 provides that any employer or other person in interest being dissatisfied with any order of the commission may commence an action in the supreme court of Ohio against the commission as defendant, to set aside, vacate or amend any such order, on the ground that the order is unreasonable or unlawful, and the supreme court is vested with exclusive jurisdiction to hear and determine such action. The proceeding authorized by this section is manifestly one which calls in question the reasonableness or lawfulness of an order of the industrial commission touching the matters referred to in the preceding sections.
*208 The plaintiff in this case seeks to invoke the original jurisdiction of this court under the provisions of the section (38) just referred to. As pointed out heretofore, his right or claim on account of the injury which he has suffered is fixed by the provisions of a different enactment entirely.
Section 25 of the act of February 26, 1913 (the workmen’s compensation act), provides for the disbursement of a state insurance fund to employes of such employers as have paid into said fund the premiums applicable to the classes to which they belong, who have been injured in the course of their employment, wheresoever such injuriés have occurred and which have not been purposely self-inflicted, or to their dependents in case death has ensued.
Section 43 of that act provides that the board shall have full power and authority to hear and determine all questions within its jurisdiction and its decision thereon shall be final. Provided, however, in case the final action of such board denies the right of the claimant to participate at all in such fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of employment, or upon any other ground going to the basis of the claimant’s right, then the claimant, within thirty days after the notice of the final action of such board, may, by filing his appeal in the common pleas court of the county where the injury was inflicted, be entitled to a trial in the ordinary way and be entitled to a jury if he demands it.
*209 Section 39 of the act provides that the powers and jurisdiction of the board over each case shall be continuing, and that the board may from time to time make such modification or change with respect to former findings or orders with respect thereto as in its opinion may be justified.
It is, therefore, clear that in case the final action of the board denies the right of the claimant to participate at all in the fund, for any of the reasons stated, his remedy is by appeal to the common pleas court, or if his right to participate in the fund has not been denied but he is dissatisfied with the amount of compensation awarded him, he may make application for a modification or change to the board itself. But by the provisions of Section 43 the board has full power and authority to hear and determine all questions within its.jurisdiction, and its decision thereon shall be final, except that in case the right of the claimant to participate in the fund at all is denied, he may appeal to the common pleas court in the manner already described.
For these reasons the demurrer will be sustained.

Demurrer sustained.

Nichols, C. J., Johnson, Newman and Jones, JJ-, concur.
Donahue, J., dissents.